JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos Minano, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Experian Information Solutions, Inc., and Barclays Bank Delaware<br><br>Defendant(s). | Case No.: **'23CV0333 BTM DDL**<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carlos Minano, by and through counsel, as and for this Class Action Complaint against Defendants Experian Information Solutions, Inc. ("Experian" or "Bureau"), and Barclays Bank Delaware ("Barclays" or "Furnisher"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4.    Plaintiff brings this class action individually and on behalf of a class of all others similarly situated for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, also known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

5.    Plaintiff is a resident of the State of California, County of San Diego.

6.    At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7.    Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

8.    Experian is an Ohio corporation registered to do business in this State.

9.    Experian may be served with process upon C T Corporation System, 330 N. Brand Blvd, Suite 700, Glendale, CA 91203.

10.    Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

11.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12.    Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

13.    In February 2023 Experian PLC had a market cap of more than $28 billion.

14.    Defendant Barclays is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

15.    Defendant Barclays is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

16. Barclays may be served with process at c/o Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808.

## CLASS ALLEGATIONS

17. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

18. As to Experian, the Experian Class consists of:
    a. all individuals with addresses in the State of California;
    b. that disputed all or part of an account in their consumer report;
    c. for whom Experian within 60 days thereafter noted in its Credit Report(s), "Consumer reported as deceased";
    d. regarding an individual who, at the time, was not listed on the Death Master File as deceased;
    e. which deceased information was thereafter disseminated to third-parties;
    f. on or after a date two (2) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

19. As to Barclays, the Barclays Class consists of:
    a. all individuals with addresses in the State of California;
    b. that disputed all or part of their Barclay account information to one or more of the Consumer Reporting Agencies;
    c. which dispute was then forwarded to Barclays;
    d. for whom Barclays reported to a Consumer Reporting Agency within the following 60 days that the consumer was deceased;
    e. regarding an individual who, at the time, was not listed on the Death Master File as deceased;
    f. on or after a date two (2) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

20. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they report credit.

21. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

22. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' reporting of living consumers as deceased violates 15 U.S.C. § 1681 *et seq*.

23. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class(es) defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class(es) and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' reporting of living consumers as deceased violates 15 U.S.C. § 1681 *et seq*.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of each class's members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

27. Plaintiff incorporates the above allegations as if set forth here.

28. Plaintiff allegedly has or had an account with Barclays account number ending in …45888 ("Account").

29. On information and belief, on a date better known to Experian, it prepared and issued consumer reports concerning the Plaintiff that included the Account.

30. Sometime prior to November 7, 2022 Plaintiff realized the Account was appearing on his consumer report.

31. However, Plaintiff did not owe this debt to Barclays.

32. On or about November 7, 2022, Plaintiff sent Experian a dispute letter disputing inaccurate information being reported on his Barclays account ("Dispute").

33. Experian is required to notify Furnisher of Plaintiff's Dispute(s).

34. It appears and is therefore averred that Experian notified Furnisher of Plaintiff's Dispute(s).

35. On or about December 14, 2022, Plaintiff once again reviewed his Experian consumer report.

36. Plaintiff became aware that he was being reported as deceased.

37. Plaintiff was very much alive at this time.

38. The reporting of him being deceased was inaccurate.

39. Upon information and belief, the Social Security Administration (SSA) provides the Department of Commerce's National Technical Information Service (NTIS) a public file of death information.

40. NTIS distributes the public file of death information, also known as the public Death Master File (DMF), to other agencies and private organizations, including consumer reporting agencies.

41. Upon information and belief, the Bureau has a data exchange agreement with the SSA and/or NTIS to receive updated death information.

42. Upon information and belief, Barclays has the ability to receive the same or similar updated death information.

43. Upon information and belief, each Defendant failed to cross-check the DMF to verify whether Plaintiff was a part of the catalog of social security numbers that belong to deceased individuals.

44. Had the Bureau maintained reasonable procedures it would have realized that Plaintiff is not deceased.

45. Had the Bureau attempted to timely verify if Plaintiff was deceased, it would have realized he was in fact alive.

46. Had Barclays attempted to timely verify if Plaintiff was deceased, it would have realized he was in fact alive.

47. Less than 60 days prior, Plaintiff had even disputed his account information.

48. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

49. Upon information and belief, Furnisher was reporting Plaintiff as deceased to Experian.

50. The information described above, furnished by Barclays and published by the Bureau is inaccurate.

51. Plaintiff's Experian consumer report was showing inaccurate information about him being deceased.

52. In contrast to Experian, non-parties Equifax Information Services, LLC and TransUnion, LLC were not incorrectly reporting Plaintiff as deceased.

53. Plaintiff's Equifax and TransUnion consumer reports do not suffer from the same infirmities as Experian's.

54. This further demonstrates each Defendant's culpability.

55. Upon receipt of the Dispute(s) the Bureau failed to conduct a reasonable investigation.

56. Upon receipt of the Dispute(s) from Experian, Furnisher failed to conduct a reasonable investigation.

57. The opposite occurred.

58. In response to Plaintiff's Dispute, Defendants began reporting inaccurate information that Plaintiff was deceased.

59. Despite this falsity and their knowledge thereof, Defendants continued to report false and inaccurate adverse information on the consumer report of the Plaintiff.

60. A reasonable investigation by the Bureau would have revealed that Plaintiff was not deceased and that he was being incorrectly reported.

61. A reasonable investigation by Furnisher would have revealed that Plaintiff was not deceased and that he was being incorrectly reported.

62. Experian violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation within 30 days of receiving Plaintiff's Dispute.

63. Experian violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to Furnisher or, in the alternative, if Experian did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

64. Experian violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

65. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

66. Notwithstanding this, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

67. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced tradeline(s) continued to be inaccurate and materially misleading.

68. Defendants knew the information was inaccurate.

69. At minimum, Defendants demonstrated a reckless disregard for the true facts.

70. These actions by Defendants caused extensive damage to Plaintiff.

Damages

71. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

72. Defendants' erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

73. Plaintiff suffered damage to his reputation as it falsely appeared as if he was deceased.

74. A deceased person is unable to obtain credit.

75. A deceased person does not have a credit score.

76. This falsity was published to numerous third-parties.

77. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

78. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on his credit report, for credit denial and for having others see the false credit information.

79. Plaintiff was emotionally distraught and damaged, and had difficulty with sleep.

80. Plaintiff was also denied funding opportunities due to Defendants' actions.

81. Due to each of Defendants' action, Plaintiff was unable to secure the necessary credit.

82. Plaintiff was denied credit including multiple credit cards and a personal loan due to Defendants' actions.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to the Bureau)**

83. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

84. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

85. The Bureau violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files that the Bureau maintained concerning the Plaintiff.

86. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation within 30 days of receiving Plaintiff's Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

87. Upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2, or, in the alternative, by failing to provide Plaintiff all relevant information received from the furnisher in response to the Dispute(s).

88. The Bureau has willfully and recklessly failed to comply with the Act.

89. The failure of the Bureau to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau was inaccurate;
   c) The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by the Plaintiff;
   d) The failure to promptly and adequately investigate information which Bureau had notice was inaccurate;
   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
   f) The failure to take adequate steps to verify information Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

90. As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

91. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a fact-finder pursuant to 15 U.S.C. § 1681(n).

92. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, demands judgment against the Bureau for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureau)

93. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

94. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

95. The Bureau violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files that the Bureau maintained concerning the Plaintiff.

96. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation within 30 days of receiving Plaintiff's Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

97. Upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2, or, in the alternative, by failing to provide Plaintiff all relevant information received from the furnisher in response to the Dispute(s).

98. The Bureau has negligently failed to comply with the Act.

99. The failure of the Bureau to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau was inaccurate;

   c) The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Bureau had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to take adequate steps to verify information Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

100. As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

101. The conduct, action and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

102. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment against the Bureau for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Furnisher)**

103. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

104. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

105. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

106. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

107. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

108. Furnisher violated 15 U.S.C. § 1681s-2 as described above, including, but not limited to, by failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the consumer reporting agencies.

109. As described above, and as a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

110. The conduct, action and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by the factfinder pursuant to 15 U.S.C. § 1681n.

111. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff demands judgement against Furnisher for damages together with

attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Furnisher)

112. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

113. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

114. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

115. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

116. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

117. As described above, Furnisher is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

118. After receiving the Dispute from the Bureau, Furnisher negligently failed to conduct its reinvestigation in good faith.

119. A reasonable investigation would require a furnisher such as Barclays to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

120. The conduct, action and inaction of Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

121. As a result of the conduct, action and inaction of the Furnisher, the Plaintiff suffered damage as described above.

122. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Ford in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment against Furnisher for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

123. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

   a) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

   b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

   c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

   d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

   e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

   f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

   g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: February 17, 2023

                            THE LAW OFFICES OF
                            JONATHAN A. STIEGLITZ

By:  /s/ Jonathan A Stieglitz
       Jonathan A Stieglitz (SBN 278028)
       11845 W. Olympic Blvd., Suite 800
       Los Angeles, California 90064
       (323) 979-2063
       jonathan.a.stieglitz@gmail.com


                            STEIN SAKS, PLLC

By:  s/ Eliyahu Babad
       Eliyahu Babad
       One University Plaza, Suite 620
       Hackensack, NJ 07601
       (201) 282-6500 x121
       EBabad@SteinSaksLegal.com
       *Pending Admission Pro Hac Vice*

       *Attorneys for Plaintiff*